# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JASON R. HARLOW & AMANDA J. ECKLES, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 1:21-cv-01214 |
| v. | )<br>) |
| AMY M. HUMPHREY; LANCASTER HEIGHTS OWNER, LLC; PRINCETON MANAGEMENT, LLC; PRINCETON ACQUISITION, LLC; & DEBORAH MCGRAW, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER & OPINION

This matter is before the Court on Plaintiffs' "Response to Defendants' Removal from State Court Along with Motion for Sanctions" (doc. 5), wherein Plaintiffs request remand and sanctions. Defendants have filed a Response (doc. 9), so the Motion is ripe for review. For the following reasons, the Motion is granted in part and denied in part.

### BACKGROUND

Plaintiffs Jason Harlow and Amanda Eckles filed the instant lawsuit in the Illinois Circuit Court in McLean County, Illinois. The Complaint alleges multiple causes of action arising from Plaintiffs' employment with Defendants[1] including

---

[1] According to the Complaint, Defendant Amy Humphrey, an employee of Defendant Princeton Management, LLC (a property management company), was property manager of Defendant Lancaster Heights, LLC (an apartment community), at all

negligence, false imprisonment, conspiracy, intentional infliction of emotional distress, breach of contract, defamation, battery, and a violation of the Illinois Hate Crime Act, 720 ILCS 5/12-7.1(c). (Doc. 1-6).

In July 2021, Defendants removed this lawsuit pursuant to 28 U.S.C. § 1441. Plaintiffs timely requested remand.

## LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court has original subject matter jurisdiction over the claim(s) asserted in the lawsuit. 28 U.S.C. § 1441(a). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted).

The party invoking subject matter jurisdiction bears the burden of persuasion. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted) ("Federal courts are courts of limited jurisdiction . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Thus, the removing party must demonstrate that original subject matter jurisdiction lies in federal court. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). If the removing party fails to meet its burden, the lawsuit must be remanded to state court. 28 U.S.C. § 1447(c).

---

relevant times; Defendant Deborah McGraw was an administrative assistant at Defendant Princeton Management, LLC, at all relevant times. (Doc. 1-6 at 4–5).

## DISCUSSION

The instant Motion raises two distinct issues: remand and sanctions. The Court will address each in turn.

### I. Removal/Remand

Federal district courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a state-law complaint is removable if it asserts a federal question. 28 U.S.C. § 1441(a). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). A plaintiff is "the master of [her] claim," and as such, "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (alteration in original).

Plaintiffs' Second Amended Complaint purports to seek relief solely under Illinois law (*see* doc. 1-6), a notion on which they double-down in the instant Motion (doc. 5). Defendants argue, however, the Complaint plainly raises claims and seeks relief under several federal laws including the Families First Coronavirus Response Act (FFCRA), the Americans With Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, and the Occupational Safety and Health Act of 1970 (OSHA). (Doc. 9 at 8–9). The Court disagrees. Regardless of how the operative Complaint invokes or relies upon federal law, the Court is bound to accept the legal characterization of the

3

facts asserted therein on consideration of a motion for remand. *Id.* at 397. Plaintiffs plainly characterize their claims as state-law claims. (*See* doc. 1-6).

Defendants also invoke two "corollaries"[2] to the well-pleaded complaint rule: (1) embedded federal question jurisdiction, which exists when a well-pleaded complaint's "state-law claims . . . implicate significant federal issues," *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 308 (2005), and (2) artful pleading, which occurs when a plaintiff "couch[es] a federal claim in terms of state law," *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). (Doc. 9 at 8–11).

Federal-question jurisdiction can apply to state-law claims in "a special and small category of cases." *Grable*, 545 U.S. at 314 (citations omitted). A well-pleaded complaint can present a federal question if "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). "A plaintiff's complaint is said to present an 'embedded' federal issue supporting federal-question jurisdiction if it raises a federal issue that is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.' " *Sarauer v. Int'l Ass'n & Aero. Workers,*

---

[2] These doctrines are often referred to as exceptions, yet they do not contradict the well-pleaded complaint rule. Each doctrine reveals there to be a federal claim in a complaint that otherwise appeared to only contain state claims. *See Rice v. Panchal*, 65 F.3d 637, 647 n.2 (7th Cir. 1995) (citations omitted) ("[T]he complete preemption doctrine is called a 'corollary' to the well-pleaded complaint rule; to the extent that Congress has displaced a plaintiff's state law claim, that intent informs the well pleaded complaint rule, and a plaintiff's attempt to utilize the displaced state law is properly 'recharacterized' as a complaint arising under federal law.")

*Dist. No. 10*, 966 F.3d 661, 673 (7th Cir. 2020) (quoting *Gunn v. Minto*n, 568 U.S. 251, 258 (2013)).

Similarly,

> Plaintiffs . . . may not avoid removal to federal court by omitting necessary federal questions from their complaints through artful pleading. While plaintiffs are entitled to omit federal claims from their complaints so as to avoid federal jurisdiction, they may not omit necessary federal elements of an included claim. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983). Put another way, a "plaintiff cannot frustrate a defendant's right to remove by pleading a case without reference to any federal law when the plaintiff's claim is necessarily federal." 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3722 (4th ed.). When a plaintiff omits from its pleadings federal questions that are necessary elements of a claim, courts will read the necessary federal elements into the complaint. *See Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006) ("What is true is that if federal law creates the claim on which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal.").

*Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890–91 (7th Cir. 2013), *as amended* (Apr. 29, 2013). The undersigned recently recognized the "artful pleading" corollary " 'appears to have nothing to add beyond serving as an umbrella term or underlying theory for other rules[,]' " such as the *Grable* rule. *Martin v. Petersen Health Operations LLC*, No. 1:20-CV-1449, 2021 WL 4313604, at *13 n.11 (C.D. Ill. Sept. 22, 2021) (quoting *Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 758 (E.D. Ky. 2014)). The Court will thus consider the artful pleading doctrine in conjunction with the *Grable* analysis.

Turning to the *Grable* test, the Court finds Defendants have failed to meet their burden of proving the first prong. Count I of the Second Amended Complaint alleges negligence on a multitude of theories. Among them seem to be the theories

5

that Defendants had duties created by the FFCRA, ADA, Title VII, and OSHA and that Defendants breached those duties, causing damages. (*See* doc. 1-6 at 5–8 (FFCRA); 8, 27–28, 36 (ADA); 10–12 (Title VII); 19–23 (OSHA)). Count I also appears to allege retaliation for, *inter alia*, reporting violations of Title VII and OSHA to appropriate federal agencies but does not assert retaliation as a stand-alone claim. (Doc. 1-6 at 21, 92). Count XXXV alleges intentional infliction of emotional distress (IIED), with the underlying conduct being, in part, Defendants' alleged violations of OSHA and alleged retaliation for reporting these alleged violations to the United States Equal Opportunity Commission and United States Occupational Safety and Health Administration. (Doc. 1-6 at 90–94).

However, Counts I and XXXV do not rise and fall on the allegations that Defendants violated federal law. Indeed, Plaintiffs also assert violations of Illinois law as well as various common law and Illinois statutory duties owed in various circumstances as bases for their negligence claim in Count I. (Doc. 1-6 at 34–35, 43–45). It is simply not *necessary* for a court or factfinder to determine whether any federal law was violated in deciding whether Defendants owed a duty to Plaintiffs and, if so, whether that duty was breached in such a manner that caused damages.[3] The focus will be on Defendants' conduct, not any alleged violation of federal law. The same is true for the IIED claim asserted in Count XXXV. Although Plaintiffs assert violations of federal law and retaliation for reporting such violations as a basis for

---

[3] It would, perhaps, be a different case if Plaintiffs were asserting negligence *per se* based on an alleged violation of federal law. However, such is not the case here.

their claim, it need not be decided whether Defendants' conduct actually violated federal law; rather, the operative question will be whether Defendants' conduct was sufficiently extreme and outrageous to predicate a claim for IIED, *see Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 270, 798 N.E.2d 75, 80–81 (2003). Thus, while it is true Plaintiffs have alleged facts that could possibly state federal claims under the FFCRA, ADA, Title VII, and OSHA, the operative Complaint makes clear Plaintiffs are not asserting such claims but are instead asserting solely state-law tort claims, resolution of which do not *require* resolution of any particular federal issue.[4]

The two cases cited by Defendants do not help their cause. In *McElroy v. SOS Int'l, Inc.*, 730 F. Supp. 803, 805 (N.D. Ill. 1989), the court determined the complaint alleged claims for "retaliatory discharge because [the plaintiff] was a 'whistle-blower' as to OSHA violations. As such, [the] complaint state[d] a claim for a federal remedy under OSHA—specifically 29 U.S.C. § 660(c)(1)—and thus was properly removed under the federal removal statute, 28 U.S.C. § 1441(a)." Nowhere in the complaint did the plaintiff indicate he sought relief only under Illinois law. *Id.* Here, the Complaint expressly states Plaintiffs are asserting claims and seeking relief under Illinois statutory and common law. State law—not federal law—provides the relief sought for the claims actually asserted in the Complaint (*i.e.*, negligence, IIED, false imprisonment, etc.).

---

[4] Whether this tactic will ultimately prove successful remains to be seen. At any rate, Plaintiffs plainly do not intend—at this time—to proceed on any claim under the FFCRA, ADA, Title VII, or OSHA, and the Court will therefore not read into the Complaint any such claim under the present circumstances. Plaintiffs are the masters of their Complaint.

7

In *City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164 (1997), the Court determined removal was proper because the complaint "raised a number of issues of federal law in the form of various federal constitutional challenges to the Landmarks and Designation Ordinances, and to the manner in which the [state] Commission conducted the administrative proceedings." Although the claims were brought under the Illinois Administrative Review Law, the federal constitutional challenges to the state administrative procedure presented embedded federal questions that were *essential* to the plaintiff's claims. *Id.* Conversely here, although Plaintiffs allege facts related to various violations of federal laws, their state-law tort claims do not *require* the Court or factfinder to determine whether Defendants actually violated any federal law.

In sum, the Court finds Defendants have failed to carry their burden to persuade that original subject matter jurisdiction lies. While Defendants identify several instances of Plaintiffs invoking and citing federal laws and theories in the operative Complaint, Defendants have not demonstrated that Plaintiffs' negligence and IIED claims necessarily require resolution of any federal issue. Certainly, Plaintiffs could have chosen to assert federal claims based on the allegations in the operative Complaint; that they chose not to does not necessarily mean their Complaint is impermissibly artfully pled. Indeed, this conclusion seems to be supported by the primary basis for Defendants' pending Motion to Dismiss: that the tort claims which are said to assert federal claims are preempted by Illinois statute (*see* doc. 6); if the claims truly asserted federal issues/claims, the Supremacy Clause,

8

U.S. Const. art. VI., § 2, would surely foreclose Defendants' preemption argument. Remand is appropriate here.

## II. Sanctions

Plaintiffs also seek sanctions under Federal Rule of Civil Procedure 11, seemingly for (1) unnecessary delay and (2) making false statements. Rule 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Plaintiffs' request for sanctions does not follow the proper procedure. Firstly, the request was not "made separately from any other motion." Secondly, Plaintiffs have not sufficiently proven they have abided by the safe harbor requirement (*i.e.*, the requirement that the movant serve the motion and allow the opposing party 21 days to correct the complained-of conduct). In fact, Defendants assert they were never provided any semblance of notice that Plaintiffs intended to seek sanctions. (Doc. 9 at 12). Accordingly, the request for sanctions must be denied.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' "Response to Defendants' Removal from State Court Along with Motion for Sanctions" (doc. 5) is GRANTED IN PART and DENIED IN PART. This case is REMANDED to the Illinois Circuit Court in McLean County, Illinois.

SO ORDERED.

Entered this 18th day of October 2021.

                                                                         s/ Joe B. McDade
                                                                         JOE BILLY McDADE
                                                    United States Senior District Judge